LAW OFFICE OF WASSERMAN & WASSERMAN
12362 Beach Boulevard, Suite 15
Stanton, CA 90680
Telephone: (714) 934-8383
Facsimile:  (714) 799-5504
Craig S. Wasserman, Esq.(State Bar No. 128657)
Marc D. Wasserman, Esq.(State Bar No. 182352)

Attorneys for Defendants
ROGER H. PAQUETTE and
SHARON M. PAQUETTE

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>    Plaintiff,<br><br>v.<br><br>ROGER H. PAQUETTE and<br>SHARON M. PAQUETTE and<br>DOES 1 through 10<br><br>    Defendants.<br>_____ | Case No.:  14CV 01631 JGB DTB<br><br>**DEFENDANTS ROGER H. PAQUETTE AND SHARON M. PAQUETTE'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT; DEMAND FOR JURY TRIAL; CERTIFICATE OF SERVICE** |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants ROGER H. PAQUETTE and SHARON M. PAQUETTE (herein "Defendants") by and through their undersigned counsel and pursuant to the applicable Local Rules and Federal Rules of Civil Procedure, hereby file their Answer and Affirmative Defenses to the Complaint as follows:

## ANSWER TO COMPLAINT

1.    In response to Paragraph 1 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of

the allegations contained therein, and therefore said allegations are denied.

2. In response to Paragraph 2 of the Complaint, Defendants deny all of the allegations therein except those expressly admitted below. Defendants operate a business at 33100 Vail Street, Lake Elsinore, California.

3. In response to paragraph 3 of the Complaint, to the extent this allegation contains legal conclusions, no response is required. Defendants otherwise deny all of the allegations contained therein.

4. Defendants admit that 28 U.S.C. § 1331 confers subject matter jurisdiction on this Court in cases based upon claims of alleged violations of the Americans with Disabilities Act of 1990. To the extent this paragraph contains legal conclusions, no answer is required. Defendants otherwise deny all of the allegations contained therein.

5. In response to paragraph 5 of the Complaint, this paragraph contains legal conclusions and no answer is required. Defendants otherwise deny all of the allegations contained therein.

6. In response to paragraph 6 of the Complaint, Defendants admit that venue is proper in this Court. Defendants otherwise deny all of the allegations contained therein.

7. In response to Paragraph 7 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of

-2-
ANSWER AND AFFIRMATIVE DEFENSES
Case No.: 14CV 01631 JGB DTB

the allegations contained therein, and therefore said allegations are denied.

8. In response to Paragraph 8 of the Complaint, Defendants admit that the business they operate is open to the public, a place of public accommodation, and a business entity. Defendants otherwise deny all of the allegations contained therein.

9. In response to Paragraph 9 of the Complaint, Defendants deny all allegations contained therein.

10. In response to Paragraph 10 of the Complaint, Defendants deny all allegations contained therein.

11. In response to Paragraph 11 of the Complaint, Defendants deny all allegations contained therein.

12. In response to Paragraph 12 of the Complaint, Defendants deny all allegations contained therein.

13. In response to Paragraph 13 of the Complaint, Defendants deny all allegations contained therein.

14. In response to Paragraph 14 of the Complaint, Defendants deny all allegations contained therein.

15. In response to Paragraph 15 of the Complaint, Defendants deny all allegations contained therein.

16. In response to Paragraph 16 of the Complaint, Defendants deny

all allegations contained therein.

17. In response to Paragraph 17 of the Complaint, Defendants deny all allegations contained therein.

18. In response to Paragraph 18 of the Complaint, a response is not required, but to the extent a response is required, Defendants incorporate herein their responses to the other allegations of the Complaint.

19. In response to Paragraph 19 of the Complaint, this paragraph contains legal conclusions and no answer is required. Defendants otherwise deny all of the allegations contained therein.

20. In response to Paragraph 20 of the Complaint, this paragraph contains legal conclusions and no answer is required. Defendants otherwise deny all of the allegations contained therein.

21. In response to Paragraph 21 of the Complaint, this paragraph contains legal conclusions and no answer is required. Defendants otherwise deny all of the allegations contained therein.

22. In response to Paragraph 22 of the Complaint, Defendants deny all allegations contained therein.

23. In response to Paragraph 23 of the Complaint, this paragraph contains legal conclusions and no answer is required. Defendants otherwise deny all of the allegations contained therein.

24. In response to Paragraph 24 of the Complaint, this paragraph contains legal conclusions and no answer is required. Defendants otherwise deny all of the allegations contained therein.

25. In response to Paragraph 25 of the Complaint, a response is not required, but to the extent a response is required, Defendants incorporate herein their responses to the other allegations of the Complaint.

26. In response to Paragraph 26 of the Complaint, this paragraph contains legal conclusions and no answer is required. Defendants otherwise deny all of the allegations contained therein.

27. In response to Paragraph 27 of the Complaint, this paragraph contains legal conclusions and no answer is required. Defendants otherwise deny all of the allegations contained therein.

28. In response to Paragraph 28 of the Complaint, a response is not required, but to the extent a response is required, Defendants incorporate herein their responses to the other allegations of the Complaint.

29. In response to Paragraph 29 of the Complaint, this paragraph contains legal conclusions and no answer is required. Defendants otherwise deny all of the allegations contained therein.

30. In response to Paragraph 30 of the Complaint, this paragraph contains legal conclusions and no answer is required. Defendants otherwise

deny all of the allegations contained therein.

31. In response to Paragraph 31 of the Complaint, a response is not required, but to the extent a response is required, Defendants incorporate herein their responses to the other allegations of the Complaint.

32. In response to Paragraph 32 of the Complaint, to the extent legal conclusions are alleged, a response is not required. Defendants otherwise deny all allegations contained therein.

## **AFFIRMATIVE DEFENSES**

Defendants allege the following further defenses against Plaintiff's claims. In these defenses, Defendants do not assume any burdens of proof as to matters that are Plaintiff's burdens to prove.

1. As a first and separate affirmative defense to the Complaint and each and every claim for relief or purported claim for relief therein ("Claim"), Defendants allege that the premises were designed and constructed in compliance with applicable disability laws to ensure that the premises would be readily accessible to the maximum extent feasible, and that Defendants have complied with their obligation to ensure that the premises is readily accessible. 28 C.F.R. § 36.406.

2. As a second and separate affirmative defense, Defendants allege that, even if the premises in the Claims is later found to have not been in full

compliance with applicable access standards, it nonetheless provided effective access to Plaintiff because any alleged noncompliance was de minimis, and Plaintiff was able to use and access the premises.

3. As a third and separate affirmative defense to the Claims, Defendants allege that they have provided and continue to provide access to individuals with disabilities equivalent to the level of access provided to individuals without disabilities.

4. As a fourth and separate affirmative defense to the Claims, Defendants allege that they have made and continue to make good-faith efforts to reasonably accommodate all individuals, including individuals with disabilities.

5. As a fifth and separate affirmative defense to the Claims, Defendants allege that the premises "meets applicable standards" within the meaning of California Civil Code section 55.56.

6. As a sixth and separate affirmative defense, Defendants allege that the Claims are barred by Defendants' good-faith reliance upon reasonable interpretations of applicable California and federal laws and regulations by local building authorities and upon the issuance of building permits and Certificates of Occupancy for the premises.

7. As a seventh and separate affirmative defense to the Claims,

Defendants deny that they are in any way legally responsible for any alleged damages incurred by Plaintiff; but, in the alternative, if Defendants are subject to any liability, any recovery by Plaintiff should be barred and/or reduced by those portions resulting from Plaintiff's failure, refusal, and/or neglect to take reasonable steps to avoid any alleged injury and to mitigate any such alleged damages.

8. As an eighth and separate affirmative defense to the Claims, Defendants allege that they duly performed all of their legal obligations to Plaintiff, except those they were excused and/or discharged from performing.

9. As a ninth and separate affirmative defense to the Claims, Defendants allege that Plaintiff is barred from recovery under any and all claims by the equitable doctrine of estoppel to the extent that Plaintiff and his agents have acted unreasonably and unfairly against Defendants by filing a lawsuit for damages without having made a reasonable investigation of the facts and applicable law.

10. As a tenth and separate affirmative defense to the Claims, Defendants deny that they are in any way legally responsible for any alleged damages incurred by Plaintiff; but, in the alternative, if Defendants are subject to any liability, it will be due in whole or in part to the acts and/or omissions of other parties, known or unknown at this time, and any recovery obtained by

Plaintiff should be barred or reduced according to law.

11. As an eleventh and separate affirmative defense to the Claims, Defendants allege that any alleged discrimination may be overridden by the business-necessity defense. Defendants plead this defense at this time in the interests of judicial economy in order to avoid having to bring a motion for leave to amend this Answer at a later date.

12. As a twelfth and separate affirmative defense to the Claims, Defendants allege that Plaintiff's demands may require accommodations that are not readily achievable and/or may impose an undue hardship on Defendants. Defendants plead this defense at this time in the interests of judicial economy in order to avoid having to bring a motion for leave to amend this Answer at a later date.

13. As a thirteenth and separate affirmative defense to the Claims, Defendants allege that Plaintiff may be barred from recovery by applicable statutes of limitations, including without limitation the time-barring of statutory penalties. California Code of Civil Procedure § 340(a).

14. As a fourteenth and separate affirmative defense to the Claims, Defendants allege that Plaintiff has failed to state a claim for which relief can be granted.

15. As a fifteenth and separate affirmative defense to the Claims,

Defendants allege that Plaintiff has failed to join indispensable parties.

16. As a sixteenth and separate affirmative defense to the Claims, Defendants allege the benefits and protections of all federal, state and local statutes, regulations and ordinances that limit the liability of individuals who are officers, directors, shareholders and/or members of a business entity.

17. As a seventeenth and separate affirmative defense to the Claims, Defendants allege that they have insufficient knowledge or information to form a belief as to whether they have additional and as of yet unstated affirmative defenses available. Defendants therefore reserve the right to request leave of the Court to assert additional affirmative defenses if discovery indicates that such would be appropriate.

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

A. that Plaintiffs take nothing by way of this action, and that the Complaint be dismissed with prejudice;

B. that Defendants be awarded reasonable attorneys' fees and costs of suit; and

C. for such other and further relief to Defendants as the Court deems just and proper.

DATED: September 16, 2014   LAW OFFICE OF MARC D. WASSERMAN

By:   /s/Marc D. Wasserman
      MARC D. WASSERMAN
      Attorneys for Defendants CEDRIC
      MAGALA BAUTISTA, SR.  and
      VICTORIA L. BAUTISTA

## **DEMAND FOR JURY TRIAL**

Defendants ROGER H. PAQUETTE and SHARON M. PAQUETTE (herein "Defendants") by and through their undersigned counsel and pursuant to the applicable Local Rules and Federal Rules of Civil Procedure, hereby demand a trial by jury on all issues so triable.

DATED: September 16, 2014   LAW OFFICE OF MARC D. WASSERMAN

By:   /s/Marc D. Wasserman
      MARC D. WASSERMAN
      Attorneys for Defendants
      ROGER H. PAQUETTE and SHARON
      M. PAQUETTE

THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>        Plaintiff,<br><br>    v.<br><br>ROGER H. PAQUETTE and<br>SHARON M. PAQUETTE and<br>DOES 1 through 10<br><br>        Defendants.<br>_____ | Case No.: 14CV 01631 JGB DTB<br><br>**CERTIFICATE OF SERVICE** |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was served on all known parties of via ECF:

Mark Potter, Esq.
CENTER FOR DISABILITY ACCESS
9845 Erma Road, Suite 300
San Diego, CA 92131
Attorneys for Plaintiff CHRIS LANGER


DATED: September 16, 2014  LAW OFFICE OF MARC D. WASSERMAN

                              By:  /s/Marc D. Wasserman
                                    MARC D. WASSERMAN
                                    Attorneys for Defendants
                                    ROGER H. PAQUETTE and SHARON M. PAQUETTE

ANSWER AND AFFIRMATIVE DEFENSES
Case No.: 14CV 01631 JGB DTB